UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBERTSON FOWLER, III          )
                               )
                  Petitioner,  )
v.                             )   No. 1:13-cv-1744-JMS-MJD
                               )
DUSHAN ZATECKY,                )
                               )
                  Respondent.  )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Robertson Fowler, III for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**Background**

On September 25, 2006, Fowler was charged with several felonies. After various proceedings, he was convicted based on his guilty plea to unlawful possession of a firearm by a serious violent felon and to being a habitual offender. The State of Indiana and Fowler stipulated in the plea agreement to a 35-year sentencing cap. Other charges were dismissed. The trial court imposed a 30-year sentence—15 years for the unlawful possession offense, enhanced by 15 years for the habitual offender adjudication.

Fowler filed an appeal, arguing that the sentence was excessive under Indiana law. This argument was rejected in *Folwer v. State*, No. 49A02-0701-CR-19 (Ind.Ct.App. Aug. 31, 2007). His petition to transfer was denied.

Fowler's petition for post-conviction relief was denied by the trial court and this denial was affirmed on appeal in *Fowler v. State*, 977 N.E.2d 464 (Ind.Ct.App. 2013), and the Indiana Supreme Court again denied Fowler's petition for transfer. This action followed, and is now fully at issue on the pleadings and the expanded record. Fowler's habeas claims are these: 1) his sentence is illegal, constituting cruel and unusual punishment and a violation of federal due process; 2) appellate counsel was ineffective for not challenging the sentence as illegal; and 3) his guilty plea was invalid because he was not accurately advised when he pled guilty.

All of Fowler's claims require attention to the following matters, noted in the appeal from the denial of his petition for post-conviction relief:

> When Fowler entered into his plea agreement, Indiana law permitted the State to use the same prior felony to support a charge of unlawful possession of a firearm by a serious violent felon and to support an habitual offender enhancement. *See Townsend v. State,* 793 N.E.2d 1092, 1097 (Ind.Ct.App. 2003), *trans. denied.*
> Fowler was sentenced to thirty years executed—fifteen years for the firearm charge and fifteen for the habitual offender enhancement. He appealed the sentence. In June of 2007, after the State filed its Appellee's brief, but while Fowler still could have filed a reply brief, our Indiana Supreme Court decided *Mills v. State,* which held "a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a 'serious violent felon'" 868 N.E.2d 446, 450 (Ind. 2007) (internal citation and quotation omitted). Fowler's appellate counsel did not file a reply brief or Notice of Additional Authorities to assert the *Mills* decision might render Fowler's sentence improper. Nor did he raise the issue in his transfer petition.

*Fowler v. State*, 977 N.E.2d 464, 466 (Ind.Ct.App. 2012), *aff'd on reh'g,* 981 N.E.2d 623 (Ind.Ct.App. 2013).

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Fowler filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The AEDPA "place[s] a new constraint" on the ability of a federal court to grant habeas corpus relief to a state prisoner "with respect to claims adjudicated on the merits in state court." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). The Court of Appeals has reviewed the standard to be applied here:

> When a state court has ruled on the merits of a habeas claim, our review is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d); *Harrington v. Richter,* 131 S. Ct. 770, 783–84, 178 L.Ed.2d 624 (2011). Under AEDPA, we may grant relief only if the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Plainly stated, these are demanding standards.

*Atkins v. Zenk*, 667 F.3d 939, 943-44 (7th Cir. 2012); *see also Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013).

The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw,* 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the

facts of the particular case.'" *Emerson,* 575 F.3d at 684 (quoting *Bell,* 535 U.S. at 694). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696 (7th Cir. 2003)).

## III. Discussion

### A. Claim One—Unconstitutional Sentence

"A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). One situation in which procedural default can occur is when a habeas petitioner presents federal claims in his habeas petition that he did not "fairly present" to the state courts, thereby depriving the state courts of the first opportunity to address the claims. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45 (1999). "[T]he claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis." *Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006) (internal quotations omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless,* 459 U.S. 4, 6 (1982). A petitioner must apprise the state court that an alleged error is not only a violation of state law, but a violation of the Constitution. *Duncan v. Henry,* 513 U.S. 364, 365–66 (1995). A petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996).

Fowler's present challenge to his sentence on federal constitutional grounds – claiming that his sentence is illegal, constituting cruel and unusual punishment and is in violation of due process --was not fairly presented to the Indiana state courts. He has committed procedural default as to this claim.

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's "*actual* and substantial disadvantage)"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence. *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted). Fowler has not satisfied either of these burdens, and hence review of the merits of his first habeas claim is barred. He does point out that the state courts did not find that he at any point waived an argument, but this is a reference to a different branch of procedural default.

### B. Claim Two--Ineffective Assistance of Appellate Counsel

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey,* 469 U.S. 387, 396 (1985). Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Howard v. Gramley,* 225 F.3d 784, 789–90 (7th Cir. 2000). A petitioner who contends that appellate counsel rendered ineffective assistance must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Id.* at 790.

There is more. AEDPA requires a "doubly deferential" review of a state prisoner's ineffective assistance of counsel claim. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1410–11 (2011) (citation omitted). The federal habeas court must show deference both to the state court which previously reviewed the petitioner's claim, and also to trial counsel herself. *See id.; Strickland,* 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). Under 28 U.S.C. § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

As already recounted, *Mills* was decided before Fowler's reply brief was due or was filed in his direct appeal. Fowler's attorney did not challenge his sentence based on *Mills*.

The Indiana Court of Appeals noted that: "Even though Fowler's sentence would presumably have been illegal under the *Mills* rule, Fowler lost his right to pursue a challenge to it by entering into his plea agreement. *Fowler v. State*, 977 N.E.2d 464, 466-67 (Ind.Ct.App. 2012), *aff'd on reh'g,* 981 N.E.2d 623 (Ind.Ct.App. 2013). The rationale for this holding followed: "A defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain the sentence was illegal." *Id.* at 467 (citing *Stites v. State,* 829 N.E.2d 527, 529 (Ind. 2005)).

The foregoing represents an application of Indiana state law—an application renewed in principle in *Crider v. State*, 984 N.E.2d 618 (Ind. 2013)—and explains why the Indiana Court of Appeals explicitly found that "Fowler was not prejudiced by appellate counsel's failure to raise *Mills* on direct appeal . . . ." *Id.* at 468. By finding that Fowler "lost his right" to pursue a challenge to his sentence and that Fowler had not been prejudiced when his attorney on appeal failed to present a challenge to the sentence based on *Mills,* the Indiana Court of Appeals reasonably applied

the *Strickland* standard to Fowler's argument in the post-conviction action. *See Stone v. Farley,* 86 F.3d 712, 717 (7th Cir. 1996)("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). He is therefore not entitled to relief based on his second habeas claim.

### C. Claim Three--Invalid Guilty Plea

Fowler's third habeas claim is that he was not properly advised at his guilty plea hearing and that his plea was therefore unintelligent, unknowing and involuntary. His particular contention is not that his plea was coerced, but that it was not intelligent because the information provided him by the trial court at his plea colloquy as to the correct statutory elements was erroneous. His position is that "[g]iven an accurate advisement, a reasonable defendant would [sic: not] have accepted this guilty plea" and that he was not aware that he was "entering a plea under double jeopardy implications." He proceeds from these points to the conclusion that the state courts' resolution of this point "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696 (7th Cir. 2003)).

> A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir. 1998). A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error," and § 2254(e) (1) provides the mechanism for proving unreasonableness. *See Ward v. Sternes,* 334 F.3d 696, 703–04 (7th Cir. 2003).

*Lee v. Zatecky*, 1:12-cv-451-JMS-DML, 2013 WL 3936216 *3 (S.D.Ind. July 30, 2013).

Without coming right out and saying it here, although it was said in his appeal from the denial of post-conviction relief, Fowler seems to be suggesting that his plea was illusory. The Indiana Court of Appeals' finding otherwise on that point was explicit:

> Fowler received a benefit from his plea. The State charged Fowler with Class B felony unlawful possession of a firearm by a serious violent felon, Class D felony pointing a firearm, Class D felony resisting law enforcement, and being an habitual offender. Those charges could have exposed him to a sentence as long as fifty-six years. He negotiated a plea agreement whereby he agreed to plead guilty to possession of a firearm by a serious violent felon and to being an habitual offender. In exchange, the State agreed to dismiss the two Class D felonies and the parties agreed to a thirty-five year sentencing cap. The trial court sentenced Fowler to fifteen years on the firearm charge, which was enhanced by fifteen years on the habitual offender count that, pursuant to *Mills,* should not have been imposed.
> We acknowledge Fowler's argument that the original charges, without the habitual offender enhancement that would later be declared improper in *Mills,* could have exposed Fowler to a maximum sentence of only twenty-six years. Instead, he agreed to a sentencing cap of thirty-five years and was ultimately sentenced to thirty. Fowler argues he therefore could not have benefitted from that plea agreement.
> We must decline Fowler's invitation to measure his "benefit" at a time after he entered into the plea agreement. When he and the State entered into the agreement, Fowler faced as many as fifty-six years and he bargained for a maximum of thirty-five.

*Fowler v. State*, 977 N.E.2d 464, 467 (Ind.Ct.App. 2012)(footnote omitted), *aff'd on reh'g,* 981 N.E.2d 623 (Ind.Ct.App. 2013). Fowler does not identify any factual inaccuracy in the foregoing. His effort to prevail under § 2254(d)(2) based on an unreasonable determination of the facts fails.

Fowler mentions "double jeopardy implications." He is mistaken. *Missouri v. Hunter,* 459 U.S. 359, 368 (1983)("[S]imply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger [v. United States,* 52 S. Ct. 180, 182 (1932) (explaining that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not"), test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to

those statutes."). The pertinent rule is this: "When multiple punishments are imposed at a single criminal trial, the interest protected by the Double Jeopardy Clause is limited to ensuring that sentencing courts do not exceed the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments. A federal court is bound by the construction of a state statute given to it by the highest court in that state when assessing the intent of the state legislature." *Marshall v. Farley*, 42 F.3d 1391 (7th Cir. 1994) (internal citations and quotation omitted).

Fowler concedes that *Townsend* was the law in Indiana at the time he negotiated and entered his guilty plea. His attorney did not provide deficient performance in counseling that disposition, because if an attorney's decision was sound at the time it was made the decision cannot support a claim of ineffective assistance of counsel. *Winters v. Miller,* 274 F.3d 1161, 1166 (7th Cir. 2001). As to the subsequent change in Indiana law, *Mills* represents a different interpretation of legislative intent. That distinction is a matter of state law—which in this area is not commanded by the United States Constitution and hence is beyond the realm of federal habeas adjudication. *O'Brien v. Skinner,* 414 U.S. 524, 531 (1973) ("[I]t is not our function to construe a state statute contrary to the construction given it by the highest court of a State."); *see also United States v. McCarter,* 406 F.3d 460, 464 (7th Cir. 2005)("legislative history which clearly indicates an intention regarding whether to permit multiple punishments is entitled to weight"). The *Mills* interpretation is very much state-law based and is not universally compelled. *See, e.g., Jones v. Woods,* 2012 WL 4692999, at *6 (E.D.Mich. Oct. 3, 2012)("the Michigan Supreme Court has definitively held that the Michigan legislature intended cumulative punishments for conviction for felon in possession of a firearm and felony firearm, when the felony firearm conviction is premised on the felony of being a felon in possession of a firearm.")(citing *People v. Calloway,* 469 Mich.

448, 671 N.W.2d 733 (2003)); *Bates v. Bottom*, 2011 WL 7090762, at *6 (E.D.Ky. Oct. 17, 2011) ("The issue here, the proper application of Kentucky's [recidivism] statute, is a matter of state law. Resolution of the issue requires the Court look to the Kentucky Supreme Court's interpretation of Kentucky's . . . statute. 'Such interpretations by state courts of their own criminal statutes are binding on the federal courts.'")(internal citations omitted); *People v. Garcia,* 25 Cal.4th 744, 757, 107 Cal.Rptr.2d 355, 23 P.3d 590 (2001) (affirming sentence when prior conviction was used as both "strike" and element of offense). This establishes that *Townsend* did not foretell an inevitable change in the law—although counsel is not deficient for failing to anticipate a change in the law. *See Groves v. United States,* 755 F.3d 588, 593 (7th Cir. 2014).

Indiana state law has undergone careful scrutiny when a defendant and the State bargain for, and when a court imposes, a sentence which would otherwise be illegal. Fowler's sentence falls on the "enforceable" side of the line which has been drawn. "Absent due process concerns to the contrary, when a defendant explicitly agrees to a particular sentence or a specific method of imposition of sentences, whether or not the sentence or method is authorized by the law, he cannot later appeal such sentence on the ground that it is illegal." *Crider v. State*, 984 N.E.2d 618, 625 (Ind. 2013). The benefit Fowler received from his plea agreement prevents that plea from being involuntary or otherwise tainted by constitutional infirmity.

### IV. Conclusion

Federal habeas relief is barred for any claim adjudicated on the merits in state court "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)). In short, the standard of § 2254(d) is "difficult to meet . . . because it was meant to be." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013) (internal quotation marks omitted); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). Fowler's habeas petition fails to satisfy this difficult standard and that petition is therefore **denied.** Judgment consistent with this Entry shall now issue.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Fowler has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: __January 21, 2015__

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robertson Fowler, III
No. 100167
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel